Diana C. DE LEON, Plaintiff–Appellant,

v.

ALAMEDA COUNTY; Fremont Municipal Court, Defendants–Appellees.

No. 00–16665.

D.C. No. CV–00–00121–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

MEMORANDUM **

Diana De Leon ("De Leon") appeals pro se the district court's summary judgment

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

in favor of the County of Alameda ("County") and the Superior Court of the State of California (erroneously named "Fremont Municipal Court") in her action under Title VII of the Civil Rights Act of 1964 alleging race discrimination and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's entry of summary judgment de novo. *DeGrassi v. City of Glendora*, 207 F.3d 636, 641 (9th Cir.2000). The district court properly granted summary judgment on De Leon's claims because De Leon did not provide specific and substantial evidence that her employer's proffered reason for her termination—poor work performance and attitude—was a pretext for firing her. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 (9th Cir.1994) (affirming summary judgment because plaintiff failed to present evidence to refute legitimate, nondiscriminatory reason for discharge). De Leon's statistical evidence was insufficient to overcome her burden. *See Mayor v. Educ. Equality League*, 415 U.S. 605, 621, 94 S.Ct. 1323, 39 L.Ed.2d 630 (1974) (deeming sample size of 13 to be statistically insignificant for purposes of proving discrimination).

The district court did not abuse its discretion in denying De Leon's request for further discovery because De Leon never moved the court under Rule 56(f) for additional time to obtain the documents necessary to substantiate her claims and did not demonstrate that allowing additional discovery would have assisted her in opposing summary judgment. *See Weinberg v. Whatcom County*, 241 F.3d 746, 7551 (9th Cir.2001); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991).

The district court's denial of De Leon's motion for sanctions was not abuse of discretion. *See Cooter & Gell*, 496 U.S. at 405, 110 S.Ct. 2447; *Larez v. Holcomb*, 16 F.3d 1513, 1521–22 (9th Cir.1994).

Finally, we deny De Leon's request that we allow her to amend her original complaint because she failed to seek leave to amend her complaint with the district court. *See Alaska v. United States*, 201 F.3d 1154, 1163 (9th Cir.2000).

AFFIRMED.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

